# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WHITE STALLION ENERGY, LLC, et al.,[1] | ) ) ) | Case No. 20-13037 (LSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Ref. Docket No. 2284** |

### ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to section 1112(a) of the Bankruptcy Code, (i) converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, (ii) establishing a deadline for filing final chapter 11 fee applications, and (iii) granting related relief; and having determined that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and having determined that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and having determined that venue of these chapter 11 cases and of the Motion is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: White Stallion Energy, LLC (2360); Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247); Eagle River Coal, LLC (6614); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); and White Stallion Holdings, LLC (3645). The location of the Debtors' headquarters is: 250 N. Cross Pointe Blvd., Evansville, Indiana 47715.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and having determined that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Effective as of the date of the entry of this Order, the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code.

3. Professionals shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 317]) (collectively, the "Fee Applications") on or before 4:00 p.m. (ET) on the date that is forty-five (45) days after entry of this Order or be forever barred from receiving any such compensation. Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors and the party filing such Fee Application, so as to be actually received on or before the date that is fourteen (14) days after the Fee Application is filed. A hearing on such timely filed final Fee Applications shall be held before this Court on December 12, 2024 at 10:00 a.m. (ET) (the "Fee Hearing").

4. The Debtors shall:

   (a) within seven (7) days of entry of this Order, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

   (b) within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and

before the conversion date, which schedule shall include the name and address of each creditor holding any such debt; and

(c) within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

4. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Amended Final Cash Collateral Order or any order of this Court (or documents related thereto) entered during the Chapter 11 Cases, and all rights and remedies in connection with such orders shall be preserved in their entirety.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: September 27th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**